The **BALLOON WORKS, INC.,** Plaintiff,

v.

**Ed CHAPMAN d/b/a Balloon Ascensions,** Defendant.

No. ST–C–83–123.

United States District Court, W.D. North Carolina, Statesville Division.

Oct. 14, 1983.

L. Hugh West, Jr., Statesville, N.C., for plaintiff.

Hayden J. Silver, III, Moore, Van Allen & Allen, Charlotte, N.C., for defendant.

## ORDER

POTTER, District Judge.

THIS MATTER was heard before the undersigned on October 7, 1983 in Charlotte, North Carolina, the Plaintiff being represented by Hayden J. Silver, III, and the Defendant being represented by L. Hugh West, Jr.

The hearing was held on motion by the Plaintiff for a preliminary injunction to enjoin the Defendant from making any written or oral statements regarding the "Rego 901C1" valve.

The Court, having heard the oral arguments of counsel, reviewed the pleadings and memorandum of law submitted enters the following findings of facts and conclusions of law.

### FINDINGS OF FACT

The Plaintiff is a manufacturer of recreational hot air balloons. The Plaintiff sells its product largely through dealers.

The Defendant was a dealer of the Plaintiff's balloons. As a dealer, the Defendant is not in direct competition with the Plaintiff.

The Defendant has on three separate occasions attempted to inform the public of his belief that the Rego 901C1 valve (the valve) utilized by the Plaintiff in its balloons is defective.

The Plaintiff does not manufacture the valve. The Plaintiff utilized the valve in its balloons until February of 1983.

On October 25, 1982, the Federal Aviation Administration (FAA) recommended that the Plaintiff issue a service bulletin warning purchasers to test and lubricate the valve.

On March 22, 1983 the FAA cancelled the recommendation to the Plaintiff to issue a service bulletin.

In April of 1983 the Defendant mailed a letter to balloon manufacturers and dealers that claimed the valve had failed ten times.

On May 25, 1983 the Plaintiff received a report from the FAA of four reported valve malfunctions.

On June 1, 1983, after testing the valve, the Plaintiff informed the FAA that the valve malfunctions were due to improper storage and maintenance and that there is not a design defect.

On June 30, 1983 the Plaintiff instituted a civil action against the Defendant for breach of contract and defamation.

On July 25, 1983 the Defendant distributed "copies of a press release" to the participants at the National Balloon Festival. The releases claimed there were eighteen valve failures.

On September 29, 1983, the Plaintiff received the Balloon Federation of America's Pilot News which contained an advertisement placed by the Defendant of twenty valve failures.

From September 30, 1983 to October 9, 1983 there will be a "Balloon Fiesta" in Albuquerque, New Mexico. To prepare for the Fiesta, the Plaintiff has

(a) designed a new balloon model;

(b) manufactured promotional devices;

(c) manufactured three balloon systems;

(d) rented a suite for a reception for 1,000 people; and

(e) set up a 200 square foot display booth.

The Plaintiff believes the Defendant will distribute pamphlets at the Fiesta regarding the valve.

### I. *Preliminary Injunction*

The Plaintiff has moved the Court for a preliminary injunction pursuant to Fed.R. Civ.P. 65 to enjoin the Defendant from making any oral or written representation regarding the valve at the Balloon Fiesta.

The traditional standard for granting a preliminary injunction requires the Plaintiff to show that in the absence of its issuance the Plaintiff will suffer irreparable injury and that it has a reasonable probability of prevailing on the merits. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1977).

The Plaintiff contends he will suffer irreparable injury because any damage to its reputation and good will cannot be quantified. Furthermore, the Plaintiff contends it has a reasonable probability of prevailing on the merits because the FAA is satisfied with the valve.

The Court finds that although it may be difficult to quantify damages for loss of good will and sales, it is a determination a jury can make. Furthermore, it is noted that the Plaintiff is seeking a restraint on the Defendant's rights under the first amendment of the Constitution of the United States. The Plaintiff failed to present any evidence to the Court that the Defendant is in competition with the Plaintiff or is attempting to coerce the Plaintiff. Actually, the controversy represents a difference of opinion between two parties regarding the safety of the valve. The Plaintiff should be able to disseminate its viewpoint through the marketing promotions already prepared. The Plaintiff's thorough promotional campaign at the Fiesta compared to the distribution of pamphlets by one man hardly appears capable of causing irreparable harm. Finally, it should be remembered that the public has an interest that is to be protected. Dissemination of conflicting ideas and beliefs is conducive to informed intelligent decisions by the public.

For the foregoing reasons, the Court concludes that the Plaintiff has failed to show it will suffer irreparable injury. Having found there is no showing of irreparable injury the Court need not consider the likelihood of the Plaintiff prevailing on the merits.

## CONCLUSIONS OF LAW

(1) The Plaintiff failed to sustain the showing of irreparable injury required for the issuance of a preliminary injunction.

(2) The Court enters no conclusion regarding the Plaintiff's likelihood of prevailing on the merits since the Plaintiff fails to show irreparable injury.

IT IS, THEREFORE, ORDERED that the Plaintiff's motion for a preliminary injunction is *DENIED*.